**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARRY LEWIS JUDGE, | ) NO. ED CV 18-0083-SVW(E) |
| Plaintiff, | ) |
| v. | ) ORDER TO SHOW CAUSE |
| WEST VALLEY DETENTION CENTER, et al., | ) |
| Defendants. | ) |

**BACKGROUND**

Plaintiff, an inmate at the North Kern State Prison, filed this civil rights action on January 12, 2018, accompanied by a Request to Proceed Without Prepayment of Filing Fees. Defendants are a doctor and two nurses at the West Valley Detention Center, a doctor at the North Kern State Prison and the Associate Warden at the North Kern State Prison. Although the Complaint is somewhat unclear, Plaintiff appears to assert claims for alleged failure to provide pain medication and/or medication appropriate for Plaintiff's alleged liver disease.

On January 18, 2018, the Court granted Plaintiff's Request to Proceed Without Prepayment of Filing Fees pursuant to the in forma pauperis ("IFP") statute, 28 U.S.C. section 1915. However, subsequent sua sponte review of the dockets of this Court suggests that Plaintiff may not be entitled to proceed IFP in this action.

**DISCUSSION**

Under the Prison Litigation Reform Act, Pub L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may not bring a civil action in forma pauperis ("IFP") if, on three (3) or more previous occasions, the prisoner has brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous or malicious or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).[1] A denial of IFP status can count as a prior dismissal or "strike" for purposes of section 1915(g). O'Neal v. Price, 531 F.3d 1146, 1153-54 (9th Cir. 2008). A dismissal following a plaintiff's failure to amend a complaint in conformity with a prior order dismissing the complaint with leave to amend for failure to state a claim constitutes a strike. See Harris v. Mangum, 863 F.3d 1133, 1141-42 (9th Cir. 2017) ("A prisoner may not avoid incurring strikes simply by declining to take advantage of . . .

---

[1] For purposes of this section, "prisoner" includes anyone "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

2

opportunities to amend."). An action dismissed as barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) ("<u>Heck</u>"),[2] also qualifies as a strike if the <u>Heck</u> bar is obvious on the face of the complaint and the complaint does not seek injunctive (<u>i.e.</u>, habeas) relief. <u>See</u> <u>Washington v. Los Angeles County Sheriff's Dep't</u>, 833 F.3d 1048, 1055-57 (9th Cir. 2016).

.

According to the dockets of this Court, Plaintiff previously has filed three or more actions which may qualify as "strikes" under section 1915(g). Plaintiff filed all of these actions while an inmate at the West Valley Detention Center.

**1.   <u>Judge v. Dest, et al.</u>, ED CV 11-1753-UA(E)**

Plaintiff lodged this civil rights complaint for damages on November 3, 2011. The Court denied Plaintiff's request to proceed without prepayment of the filing fee on November 14, 2011, on the grounds that the defendant judges were immune from suit and that Plaintiff's claims were barred by <u>Heck</u>. On April 11, 2012, the United States Court of Appeals for the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction because the notice of appeal was

---

[2]   In <u>Heck</u>, 512 U.S. 477 (1994), the Supreme Court held that, in order to pursue a claim for damages arising out of an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a civil rights plaintiff must prove that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Id.</u> at 486-487.

untimely.

**2.  Judge v. San Manuel Indian Nation, et al.,
ED CV 11-1754-UA(E)**

Plaintiff lodged a civil rights complaint for damages on November 3, 2011, purporting to state claims against "police security" at the San Manuel Indian Casino. On November 17, 2011, the Court issued an Order denying Plaintiff's request to file the action without prepayment of the filing fee because Plaintiff's claims were barred by Heck. The Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction on April 11, 2012, because the notice of appeal was untimely.

**3.  Judge v. Hoops, et al., ED CV 11-1846-SVW(E)**

Plaintiff filed this civil rights action on November 28, 2011, against the San Bernardino County Sheriff and unnamed "deputy commanders of transportation." On May 10, 2012, the Court issued an "Order Dismissing Complaint with Leave to Amend." The Court ruled that the complaint violated Rule 8 of the Federal Rules of Civil Procedure and, in any event, failed to state a cognizable claim for relief. The Court granted Plaintiff leave to file a First Amended Complaint within thirty (30) days of the date of the Order.

Plaintiff did not file a timely First Amended Complaint. On June 25, 2012, the Magistrate Judge issued a Report and Recommendation stating that the complaint was defective for the reasons set forth in

the May 10, 2012 Order and recommending dismissal of the action without prejudice for failure to prosecute. Plaintiff thereafter submitted various documents, but did not file any First Amended Complaint. On July 16, 2012, Plaintiff filed a document which appeared to show that Plaintiff desired to continue with the action. On July 17, 2012, the Magistrate Judge issued a Minute Order withdrawing the Report and Recommendation and granting Plaintiff an extension of time to August 6, 2012 to file a First Amended Complaint.

Again, Plaintiff failed to file any First Amended Complaint. On August 23, 2012, the Magistrate Judge issued a Report and Recommendation stating that the complaint was defective for the reasons set forth in the May 10, 2012 Order and recommending dismissal of the action without prejudice for failure to prosecute.

Plaintiff filed an improper interlocutory appeal. On November 29, 2012, the District Judge issued an Order accepting and adopting the Report and Recommendation. Judgment was entered on December 6, 2012. On December 13, 2012, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction.

**4.   Judge v. San Bernardino County Departments, et al.,
      ED CV 11-01887-SVW(E)**

Plaintiff filed this civil rights action for damages on December 1, 2011. On May 10, 2012, the Court issued an "Order Dismissing Complaint With Leave to Amend." The Court ruled that the Complaint failed to state a claim for relief because the Complaint

violated Rule 8 of the Federal Rules of Civil Procedure and, in any event, failed to state a cognizable claim for relief.  The Court granted Plaintiff leave to file a First Amended Complaint within thirty (30) days of the date of the Order.

Plaintiff did not file a timely First Amended Complaint.  Accordingly, on June 25, 2012, the Magistrate Judge issued a Report and Recommendation recommending dismissal of the action without prejudice for failure to prosecute.  Plaintiff thereafter filed various documents, including a document which appeared to show that Plaintiff desired to continue with the action.  On July 17, 2012, the Magistrate Judge issued a Minute Order withdrawing the Report and Recommendation and granting Plaintiff an extension of time to August 6, 2012 to file a First Amended Complaint.

Again, Plaintiff failed to file any First Amended Complaint.  On August 21, 2012, the Magistrate Judge issued a Minute Order denying Plaintiff's motion for appointment of counsel without prejudice and sua sponte extending the time within which Plaintiff could file a First Amended Complaint to September 13, 2012.  Plaintiff again failed to file a First Amended Complaint by the deadline, as extended.

On September 21, 2012, Plaintiff filed a document titled "Motion to First Amended Complaint [sic]."  Despite its title, this document did not constitute or contain any First Amended Complaint, and did not comply with the Court's May 10, 2012 Order.  Therefore, on September 21, 2012, the Magistrate Judge issued a Minute Order denying the "Motion to First Amended Complaint" and sua sponte granting

Plaintiff another extension of time to file a First Amended Complaint to October 12, 2012.  Plaintiff again failed to file a First Amended Complaint by the deadline, as extended.

On October 25, 2012, the Magistrate Judge issued a Report and Recommendation recommending dismissal of the action without prejudice for failure to prosecute.  Plaintiff thereafter submitted various documents, but no First Amended Complaint.  Plaintiff filed an improper interlocutory appeal, which the Ninth Circuit dismissed for lack of jurisdiction on December 13, 2012.  On June 4, 2013, the District Judge issued an Order accepting and adopting the Report and Recommendation.  See Judge v. San Bernardino County Dep't, 2013 WL 2480682 (C.D. Cal. June 4, 2013).  Judgment was entered on June 10, 2013.

**ORDER**

Within twenty-one (21) days of the date of this Order, Plaintiff shall show cause in writing, if there be any, why Plaintiff's IFP status should not be revoked on the ground that Plaintiff has suffered three or more dismissals qualifying as "strikes" under 28 U.S.C.
///
///
///
///
///
///
///

section 1915(g). Failure to respond timely to this Order may result in the dismissal of this action.

IT IS SO ORDERED.

DATED: January 24, 2018.

                                          /s/
                            CHARLES F. EICK
                UNITED STATES MAGISTRATE JUDGE